# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM CREASY, # 386256,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **No. 3:24-cv-00576** |
| | ) |
| **CORE CIVIC, <u>et al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

William Creasy, who is in custody of the Trousdale Turner Correction Center in Hartsville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed an Amended Complaint (Doc. No. 11), which is the operative complaint in this action. The Amended Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.

## I.      SCREENING STANDARDS

Under 28 U.S.C. § 1915A, the Court must conduct an initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016), and accept a plaintiff's factual allegations as true unless they are entirely without credibility, <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007).

1

## II.   FACTUAL ALLEGATIONS AND CLAIMS

Creasy sues two Defendants: "Core Civic, Trousdale Turner Correction Center" and "TTCC Medical Provider (Mental Health Care, Chronic Care, and Dental)." (Doc. No. 11 at 2).

Creasy alleges that he is being "falsely imprisoned at a CCA prison" because his judgment was "marked TDOC." (Id. at 5).

He further alleges that on February 5, 2021, Trousdale Turner Correction Center staff members stole his television set. (Id.).

Finally, Creasy alleges that he has faced lengthy delays in receiving chronic care medical appointments, dental appointments, and mental health medication. (Id.).

Creasy asserts that Defendants are liable under the Eighth Amendment. He seeks transfer to a Tennessee Department of Corrections facility, immediate medical attention, and $200 per day from September 16, 2020, through the present. (Id.).

## III.   ANALYSIS

The Eighth Amendment creates a government "obligation to provide medical care for those whom it is punishing by incarceration." Rhinehart v. Scutt, 894 F.3d 721, 737 (6th Cir. 2018). To state a viable Eighth Amendment claim, a plaintiff must allege that (1) the Defendant provided objectively inadequate care (or no care at all) in response to a serious medical need and (2) that the Defendant's subjective state of mind amounted to deliberate indifference. Id. at 737−39.

Creasy's Eighth Amendment claims are necessarily brought pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the

2

Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted).

"A private corporation that performs the traditional state function of operating a prison acts under the color of state law for purposes of § 1983." Thomas v. Coble, 55 Fed. Appx. 748, 748 (6th Cir. 2003). However, to state a viable Section 1983 claim against a private corporation, a plaintiff must allege a constitutional "injury caused by an action taken pursuant to some official policy or custom." Id. at 749. "To show the existence of a [corporate] policy or custom leading to the alleged violation, a plaintiff can identify: (1) the [corporation's] . . . official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." Winkler v. Madison Cnty., 893 F.3d 877, 901 (6th Cir. 2018) (quotation marks omitted).

Here, Creasy has alleged facts from which the Court may infer that one or more staff members at Trousdale Turner Correction Center were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (See Doc. No. 11−1 at 3) (alleging that staff members have ignored his requests for medical and dental care). However, Creasy has not alleged facts from which the Court may infer that either named Defendant is liable for any alleged constitutional violation due to a corporate "policy or custom leading to the alleged violation."[1] Winkler, 893 F.3d at 901. Accordingly, Creasy's claims against the named Defendants must be dismissed for failure to state a claim upon which relief may be granted.

---

[1] This conclusion applies equally to Creasy's claims of false imprisonment and deprivation of property. The Court makes no finding as to whether Creasy has alleged facts to support a viable claim against any individual staff member based on those legal theories.

## IV.    CONCLUSION

Because Creasy has failed to state a Section 1983 claim upon which relief may be granted against any named Defendant, this action is **DISMISSED WITHOUT PREJUDICE**. This dismissal is without prejudice to Creasy bringing suit under Section 1983 against any individual prison or medical staff members, which means that nothing in this Order will prevent Creasy from bringing a new lawsuit against such individuals.

Creasy's Motion to Ascertain Status (Doc. No. 15) is **DENIED** as moot.

This order denies all relief in this action. Final judgment **SHALL** issue in accordance with Rule 58)(b)(1)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4